Jonathan C. Cahill (SBN 287260)
jcahill@piteduncan.com
Joseph C. Delmotte (SBN 259460)
jcdelmotte@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CARLOS ANTONIO AVELAR,<br><br>Debtor. | Case No. 15-30429-DM<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE: May 14, 2015<br>TIME: 10:00 AM<br>PLACE: San Francisco U.S. Trustee Office<br><br>CONFIRMATION HEARING:<br>DATE: June 17, 2015<br>TIME: 1:00 PM<br>CTRM: 22 |

Wells Fargo Bank, N.A.[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Carlos Antonio Avelar (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

# I. INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for Creditor's claim. Specifically, Debtor's Plan fails to provide for a cure of Creditor's pre-petition claim in full. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

# II. STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor and Maria D Avelar (collectively the "Borrowers"), and dated October 4, 2006, in the original principal sum of $950,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 38 Parkgrove Dr, South San Francisco, CA 94080-1597 (the "Subject Property"). A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3. On or about December 31, 2007, WSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB ("Wachovia"). A copy of the Office of Thrift and Supervision's approval letter evidencing the name change is attached hereto as **Exhibit C**.

4. On or about November 1, 2009, Wachovia converted to a national bank with the name Wells Fargo Bank Southwest National Association ("WFBSW"). On the same date, WFBSW merged with and into Wells Fargo Bank, National Association. A copy of the Official Certification of the Comptroller of the Currency evidencing the conversion and merger is attached hereto as **Exhibit D**.

5. On April 8, 2015, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, San Francisco Division, and was assigned case number 15-30429.

6. On May 1, 2015 the Debtor filed his Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $1,000.00 for twelve (12) months, then

---
[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

increasing to $3,250.00 for forty-eight (48) months. Of the sum paid to the Chapter 13 Trustee, Creditor will be paid $2,471.00 per month for 48 months on its pre-petition arrears, which are listed in the amount of $118,596.02.

7. Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $1,061,810.60 and that its pre-petition arrearage claim is in the approximate amount of $125,229.64, representing: thirty-nine (39) pre-petition payments totaling $118,776.27; $1,162.13 in late charges; $80.00 in non-sufficient funds (NSF) fees; and $5,211.24 in escrow shortage.

### III. ARGUMENT

#### A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**1. Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure Creditor's pre-petition arrears. As previously discussed, Creditor's claim for pre-petition

arrears is in the total amount of $125,229.64. However, the Debtor's Chapter 13 Plan provides for the cure of only $118,596.02. As the Debtor's Plan fails to provide for a cure of pre-petition arrears, it fails to satisfy 11 U.S.C. ' 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

## 2. Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of $125,229.64 in pre-petition arrears, however, Debtor's Plan provides for the cure of only $118,596.02 in arrears. Debtor will have to increase their monthly payment through the Chapter 13 Plan to Creditor in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months. As the Debtor's Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

**WHEREFORE**, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;
2. Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty (60) months; and
3. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 14, 2015        PITE DUNCAN, LLP

By: */s/ Jonathan C. Cahill*
JONATHAN C. CAHILL (SBN 287260)
Attorneys for Wells Fargo Bank, N.A